DOUGLAS H. KRAFT, State Bar #155127
KEVIN G. HOWARD, State Bar #222221
KRAFT OPICH, LLP
7509 Madison Avenue, Suite 111
Citrus Heights, California 95610
Telephone: (916) 880-3040
Facsimile: (916) 880-3045
Email: dkraft@kraftopich.com

Attorneys for Creditor,
American River Bank

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>RYAN J. NEUMAN and SHERI S. NEUMAN,<br><br>    Debtors. | CASE NO.   09-12585<br><br>DC No.: KO-1<br><br>Date:  December 23, 2009<br>Time:  9:00 a.m.<br>Place:  U.S. Bankruptcy Court<br>          99 South "E" Street<br>          Santa Rosa, CA 95404<br>Hon.:  Alan Jaroslovsky |

**MOTION FOR RELIEF FROM AUTOMATIC STAY
AND POINTS AND AUTHORITIES THEREON**

AMERICAN RIVER BANK ("Bank"), hereby moves this court for an order terminating the automatic stay of 11 U.S.C. section 362 as to certain real property located in Sonoma County, California, commonly known as 1265 Morgan Street, Santa Rosa, CA 95401, APN 180-740-004 (the "Morgan Street Real Property"), owned by RYAN J. NEUMAN and SHERI S. NEUMAN ("Debtors"), and certain real property located in Sonoma County, California, commonly known as 1810 Guerneville Road, Santa Rosa, CA 95403, APN 036-170-032 (the "Guerneville Road Real Property") owned by Debtors such that Bank may pursue any and all

1

remedies available to it under the terms of the loan documents which are the subject of this motion (the "Collective Loan Documents"), including, but not limited to, foreclosure of its deeds of trust, and the prosecution of any remedies available to it under state law in order to obtain possession of and sell the Morgan Street Real Property and Guerneville Road Real Property (together, the "Collective Real Property") thereafter.

This motion is brought pursuant to 11 U.S.C. section 362(d)(1) and (2) and B.L.R. 4001-1 of the Bankruptcy Local Rules for the Northern District of California. This motion is based on the Notice of Hearing, these Points and Authorities, the Request for Judicial Notice and the Declaration of Earl Lavagnino (the "Lavagnino Declaration"), all of which have been filed and served herewith, as well as the papers, files, and records of this court in the within bankruptcy case, and upon such oral and documentary evidence as may be put forth at the time of the hearing, if any. Bank respectfully submits as follows:

## I

## FACTUAL BACKGROUND

Debtors filed their Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code on August 15, 2009 (the "Petition Date") as Case No. 09-12585 (the "Bankruptcy Case").

As indicated in the Lavagnino Declaration, Debtors are indebted to Bank as set forth below:

**Morgan Street Loan**

Debtors are indebted to Bank under a loan identified in Bank's books and records as Loan No. 3900000070, in the original principal amount of $258,750.00 ("Morgan Street Loan"). The Morgan Street Loan is evidenced and secured by loan documents described in paragraphs 3, 4, 5, 6, and 12 of the Lavagnino Declaration, true and correct copies of which are attached thereto as **Exhibits A** through **E** (collectively, the "Morgan Street Loan Documents").

As set forth in the Lavagnino Declaration, the Morgan Street Note (as defined in the Lavagnino Declaration) is secured by, among other collateral, that certain Deed of Trust dated November 10, 2005, executed by Debtors, as Trustor, in favor of Bank, as Beneficiary, and

2

Motion for Relief From Automatic Stay and Points and Authorities Thereon
Case 09-12585    Doc# 59    Filed: 12/09/09    Entered: 12/09/09 16:18:52    Page 2 of 7

1  recorded in the Official Records of Sonoma County (the "Official Records") on November 29,
2  2005, as Document No. 2005176312 (the "Morgan Street Deed of Trust").  A true and correct
3  copy of the Morgan Street Deed of Trust is attached to the Lavagnino Declaration as **Exhibit E**
4  and incorporated herein by this reference.

5      The Morgan Street Deed of Trust encumbers that certain real property located in Sonoma
6  County, California, commonly known as 1265 Morgan Street, Santa Rosa, CA 95401, as more
7  particularly described in Exhibit A to the Morgan Street Deed of Trust (the "Morgan Street Real
8  Property").

9      As set forth in the Lavagnino Declaration, Debtors are in default under the Morgan Street
10 Note as Debtors have failed to pay, and continue to fail to pay, all principal, interest and other
11 amounts owing under the Morgan Street Note in full on May 10, 2009 (the "Morgan Street Loan
12 Maturity Date") as required pursuant to the terms of the Morgan Street Loan Documents.

13     Attached to the Lavagnino Declaration as **Exhibit F** is a true and correct copy of the
14 Account Statement for the Morgan Street Loan as of August 15, 2009 (the "Morgan Street Loan
15 Account Statement").  As set forth in the Morgan Street Loan Account Statement, as of August
16 15, 2009 (the "Petition Date"), the sum of $268,404.35 was owing under the Morgan Street
17 Note, consisting of principal in the amount of $258,638.59, accrued interest in the amount of
18 $9,698.94 and late charges in the amount of $66.82.

19 **Guerneville Road Loan**

20     Debtors are also indebted to Bank under a loan identified in Bank's books and records as
21 Loan No. 3900000128, in the original principal amount of $585,000.00 ("Guerneville Road
22 Loan").  The Guerneville Road Loan is evidenced and secured by loan documents described in
23 paragraphs 17, 18, 19, 20, 26, 27, and 28 of the Lavagnino Declaration, true and correct copies
24 of which are attached thereto as **Exhibits G** through **M** (collectively, the "Guerneville Road
25 Loan Documents").

26     As set forth in the Lavagnino Declaration, the Guerneville Road Note (as defined in the
27 Lavagnino Declaration) is secured by, among other collateral, that certain Deed of Trust dated
28

3

June 2, 2006, executed by Debtors, as Trustor, in favor of Bank, as Beneficiary, and recorded in the Official Records of Sonoma County (the "Official Records") on June 5, 2006, as Document No. 2006070008 (the "Guerneville Road Deed of Trust"). A true and correct copy of the Guerneville Road Deed of Trust is attached to the Lavagnino Declaration as **Exhibit M** and incorporated herein by this reference.

The Guerneville Road Deed of Trust encumbers that certain real property located in Sonoma County, California, commonly known as 1810 Guerneville Road, Santa Rosa, CA 95403, as more particularly described in Exhibit A to the Guerneville Road Deed of Trust (the "Guerneville Road Real Property").

As set forth in the Lavagnino Declaration, Debtors are in default under the Guerneville Road Note as Debtors have failed to pay, and continue to fail to pay, all principal, interest and other amounts owing under the Guerneville Road Note in full on May 2, 2009 (the "Guerneville Road Maturity Date"), as required pursuant to the terms of the Guerneville Road Loan Documents.

Attached to the Lavagnino Declaration as **Exhibit N** is a true and correct copy of the Account Statement for the Guerneville Road Loan as of August 15, 2009 (the "Guerneville Road Loan Account Statement"). As set forth in the Guerneville Road Loan Account Statement, as of August 15, 2009 (the "Petition Date"), the sum of $604,202.63 was owing under the Guerneville Road Note, consisting of principal in the amount of $585,000.00, accrued interest in the amount of $18,915.00 and late charges in the amount of $287.63.

**Property Valuations**

On Schedule A attached to the Debtors' Bankruptcy Petition on file with the Court ("Schedule A"), Debtors list the Morgan Street Real Property with a current value of $150,000.00, and list the Guerneville Road Real Property with a current value of $400,000.00. A true and correct copy of Schedule A is attached as **Exhibit 1** to the Request for Judicial Notice filed in support hereof.

4

Motion for Relief From Automatic Stay and Points and Authorities Thereon
Case 09-12585    Doc# 59    Filed: 12/09/09    Entered: 12/09/09 16:18:52    Page 4 of 7

On Schedule D attached to the Debtors' Bankruptcy Petition on file with the Court ("Schedule D"), Debtors show on Schedule D that $27,712.89 is owed to the Sonoma County Tax Assessor as to the Morgan Street Real Property. A true and correct copy of Schedule D is attached as **Exhibit 2** to the Request for Judicial Notice filed in support hereof.

Also on Schedule D attached to the Debtors' Bankruptcy Petition on file with the Court ("Schedule D"), Debtors show that on Schedule D that $41,603.16 is owed to the Sonoma County Tax Assessor as to the Guerneville Road Real Property.

Based on the Debtors' Bankruptcy petition and schedules, the Debtors have no equity in the Collective Real Property, as follows:

| | | | |
|---|---|---|---|
| 1) | Value of Morgan Street Real Property | | $ 150,000.00 |
| | Encumbrances | | |
| | American River Bank | | $ 268,404.35 |
| | Sonoma County Tax Assessor | | $ 27,712.89 |
| | Total Encumbrances | | $ 296,117.24 |
| | Negative Equity of Morgan Street Real Property | | $ <146,117.24> |
| 2) | Value of Guerneville Road Real Property | | $ 400,000.00 |
| | Encumbrances | | |
| | American River Bank | | $ 604,202.63 |
| | Sonoma County Tax Assessor | | $ 41,603.16 |
| | Total Encumbrances | | $ 645,805.79 |
| | Negative Equity of Guerneville Road Real Property | | $ <245,805.79> |

## II

## ARGUMENT

### RELIEF FROM THE AUTOMATIC STAY SHOULD BE GRANTED FOR THE GROUNDS SET FORTH IN BANKRUPTCY CODE §362(d)(2).

Section 362(d) of the Bankruptcy Code identifies the grounds upon which an interested party may obtain relief from the automatic stay of an act against property under Section 362(a), and provides as follows, in relevant part:

5

Motion for Relief From Automatic Stay and Points and Authorities Thereon
Case: 09-12585   Doc# 59   Filed: 12/09/09   Entered: 12/09/09 16:18:52   Page 5 of 7

(d) On request of a party-in-interest and after notice and hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

...

(2) with respect to a stay of an act against property under subsection (a) of this section, if --

(A) the debtor does not have an equity in such property; and

(B) the property is not necessary to an effective reorganization;

**A. Relief Should Be Granted As Debtors Have No Equity In The Morgan Street Real Property And The Morgan Street Real Property Is Not Necessary To An Effective Reorganization.**

As indicated above, based on the value of the Morgan Street Real Property as stated by Debtors in Schedule A, and the encumbrances against the Morgan Street Real Property, the Debtors have a negative equity in the Morgan Street Real Property of $<146,117.24>.

As stated on both Schedules A and D, the Morgan Street Real Property is bare land. Such bare land has no means of generating income, and given the negative equity as shown above, the Morgan Street Real Property will not generate cash proceeds for Debtors even if it is sold or refinanced. As such, the Morgan Street Real Property is not necessary to an effective reorganization.

**B. Relief Should Be Granted As Debtors Have No Equity In The Guerneville Road Real Property And The Guerneville Road Real Property Is Not Necessary To An Effective Reorganization.**

As indicated above, based on the value of the Guerneville Road Real Property as stated by Debtors in Schedule A, and the encumbrances against the Guerneville Road Real Property, the Debtors have a negative equity in the Guerneville Road Real Property of $<245,805.79>.

As stated on both Schedules A and D, the Guerneville Road Real Property is bare land. Such bare land has no means of generating income, and given the negative equity as shown above, the Guerneville Road Real Property will not generate cash proceeds for Debtors even if it is sold or refinanced. As such, the Guerneville Road Real Property is not necessary to an effective reorganization.

## III

## CONCLUSION

Since Debtors have no equity in either the Morgan Street Real Property or the Guerneville Road Real Property and neither the Morgan Street Real Property nor the Guerneville Road Real Property are necessary to an effective reorganization, Bank is entitled to relief from stay under Section 362(b)(2) of the Bankruptcy Code as to the Collective Real Property.

**WHEREFORE**, Bank respectfully requests the Court to enter an order granting Bank immediate relief from the automatic stay in order to take all actions necessary to complete its repossession, sale and/or collection on the Collective Real Property, and pursue all remedies available to it under state law to obtain possession of, sell and/or collect proceeds from the Collective Real Property.

Respectfully submitted,

Dated: December 9, 2009         KRAFT OPICH, LLP

By: _/ S / Douglas H. Kraft_____
     DOUGLAS H. KRAFT, ESQ.
     Attorneys for American River Bank

7

Motion for Relief From Automatic Stay and Points and Authorities Thereon
Case 09-12585    Doc# 59    Filed: 12/09/09    Entered: 12/09/09 16:18:52    Page 7 of 7