Prober & Raphael, A Law Corporation
Dean Prober, Esquire, #106207
Lee S. Raphael, Esquire, #180030
Cassandra J. Richey, Esquire #155721
David F. Makkabi, Esquire #249825
P.O. Box 4365
Woodland Hills, CA 91365-4365
(818) 227-0100
C.094-5995
Attorneys for Secured Creditor The Bank of New York Mellon fka The Bank of New York as Trustee for the Benefit of Alternative Loan Trust 2007-OA3 Mortgage Pass-Through Certificates, Series 2007-OA3

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>RYAN J. NEUMAN AND SHERI S. NEUMAN,<br><br>Debtors. | Bk. No. 09-12585<br><br>CHAPTER 11<br><br>R.S. No. DRP – 748<br><br>MOTION FOR RELIEF FROM <u>AUTOMATIC STAY</u><br><br>Hearing-<br>Date : May 18, 2010<br>Time : 9:00 am<br>Place : U.S. Bankruptcy Court<br>       99 South E Street<br>       Santa Rosa, California<br>       Courtroom (bkcy) |

        The Bank of New York Mellon fka The Bank of New York as Trustee for the Benefit of Alternative Loan Trust 2007-OA3 Mortgage Pass-Through Certificates, Series 2007-OA3, a holder in due course, its assignees and/or successors, move the Court for relief from the Automatic Stay provided by 11 U.S.C. §362. This motion seeks an Order terminating the Automatic Stay of 11 U.S.C. §362 as to moving party (and the Trustee under the Deed of Trust

-1-

securing moving party's claim) so that moving party (and its Trustee) may commence and continue all acts necessary to foreclose under the Deed of Trust secured by Debtors' property.

Movant seeks relief pursuant to 11 U.S.C. §362(d)(2) and alleges that in accordance with the information set forth in the attached Declaration, and due to the Debtors' failure to make required payments, that Debtors do not have any realistic hope for a reorganization, and that there is no equity present in the subject real property to justify the continuance of the Automatic Stay.

In addition, and in the event that this Court continues the Automatic Stay, Movant will seek adequate protection of its secured interest pursuant to 11 U.S.C. §§361 and 362, including a requirement that Debtors reinstate all past arrearages and immediately commence regular monthly payments.

Movant alleges that the commercially reasonable value of the subject Property is approximately $1,328,731.00, as evidenced by Debtors' Schedules filed with this Court, a copy of which is attached hereto and made a part hereof. Movant requests that this Court take judicial notice of the aforementioned Schedules pursuant to Federal Rule of Evidence Section 201.

Movant also seeks an Order terminating and vacating the Automatic Stay for all purposes as it pertains to Movant's interest in the subject real Property, including the prosecution of appropriate foreclosure remedies, without the requirement of further notice or publication, except as may be required by state law.

Furthermore, Movant seeks attorneys' fees and costs incurred in bringing this Motion. Movant requests such fees pursuant to the Contract securing Movant's claim or pursuant to 11 U.S.C. §506(b). Post-petition attorneys' fees and costs for the within motion may be added to the outstanding balance of the subject Note, pursuant to Travelers Casualty v. Pacific Gas and Electric Co., 549 U.S. _____ (2007), and as allowed under applicable non-bankruptcy law.

In addition, Movant requests such further relief as is just.

This Movant also seeks an Order waiving the 14-day stay described by Bankruptcy Rule 4001(a)(3).

This Motion shall be based on these moving papers, as well as the attached Declaration.

Responsive pleadings, points and authorities and declarations are not required, but may be filed, pursuant to Bankruptcy Local Rule 4001(f).

In the event neither Debtors, the Debtors' Counsel or the Trustee appears at a hearing on this motion, the Court may grant relief from the Automatic Stay permitting moving party to foreclose on the Debtors' property located at **2846 Milo Hae Loop, Koloa, Hawaii** and obtain possession of such property without further hearing.

WHEREFORE, Movant prays judgment as follows:

1.) For an Order granting relief from the Automatic Stay, permitting this Movant to move ahead with foreclosure proceedings under Movant's Deed of Trust.

2.) For such Order regarding adequate protection of Movant's interest as this Court deems proper.

3.) For attorneys' fees and costs for suit incurred herein.

4.) For an Order waiving the 14-day stay described by Bankruptcy Rule 4001(a)(3).

5.) For such other relief as this Court deems appropriate.

6.) The Movant further requests relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. The Movant, through its servicing agent BAC Home Loans Servicing, L. P., may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

PROBER & RAPHAEL
A LAW CORPORATION

DATED: March 25, 2010        By /s/ Dean R. Prober Esquire
           DEAN R. PROBER, ESQUIRE, #106207
           Attorney for Secured Creditor