Andrew Kern, SB#250069
755 Baywood Drive, 2nd Fl.
Petaluma, CA 94954
Telephone (707) 658-4602
kernlawoffice@gmail.com

Attorney for Marie Pardi, Thomas and Carrie Samuela-Pierucci,
Farid and Jennifer Zeinal, and Louis Pierucci

UNITED STATES BANKRUPTCY COURT
NORTHEN DISTRICT OF CALIFORNIA
SANTA ROSA DIVISION

In re:                                      )   Case No. 09-12585
                                            )
RYAN AND SHERI NEUMAN                       )
                                            )
Debtors                                     )
                                            )
_____/             )
                                            )
Marie Pardi, Thomas and Carrie              )
Samuela-Pierucci, Farid and Jennifer        )   A.P. No.
Zeinal, and Louis Pierucci                  )
                                            )
v.                                          )
                                            )
Ryan and Sheri Neuman

# COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

## I. General Allegations

Case: 09-12585   Doc# 126   Filed: 08/28/10   Entered: 08/28/10 12:51:01   Page 1 of
14

1. Plaintiffs Thomas and Carrie Samuela-Pierucci, Farid and Jennifer Zeinal, and Louis Pierucci are natural persons residing in Sonoma County, California and each of them is a creditor of Debtors-Defendants Ryan and Sheri Neuman.

2. Plaintiff Marie Pardi is a natural person residing in Sacramento County, California and is a creditor of Debtors-Defendants Ryan and Sheri Neuman.

3. This court has jurisdiction over this proceeding pursuant to 28 U.S.C. Section 1334(b) and 11 USC Section 523. This is a core proceeding pursuant to 28 U.S.C. Section 157 (b)(2)(I) and 28 U.S.C. (b)(2)(J).

4. At all relevant times Defendants Ryan and Sheri Neuman were General Partners of Black Oak Investment Partners LLC.

5. At some time prior to or within May, 2006 Ryan Neuman approached each of the Plaintiffs with the proposal to form a partnership to purchase and develop 1740 Guerneville Road and 1810 Guerneville Road, both properties located in Santa Rosa, California. Defendants provided Plaintiffs with a 10 page packet labeled "North West Santa Rosa Infill Development", a plat map illustrating that development, and some promotional information on the proposed development. Ryan Neuman was to be the general partner and the investors in the partnership were to be silent partners.

6. In April, 2006 Ryan Neuman formed Black Oak Investment Partners LLC after Plaintiffs committed to investing in the proposed development.

Case: 09-12585    Doc# 126    Filed: 08/28/10    Entered: 08/28/10 12:51:01    Page 2 of
14

7.  In May, 2006 Marie Pardi, Farid and Jennifer Zenial, Thomas and Carrie Samuela-Pierucci, Patrick and Tina McGee, trustees of the McGee Family Living Trust entered into an Operating Agreement ("Agreement") with Defendants as Black Oak Investment Partners LLC ("Partnership"). The purpose of the Agreement was to acquire and develop the Subject Property of the Agreement located at 1810 Guerneville Road in Santa Rosa, California. The Agreement does not reference 1740 Guerneville Road.

8.  According to the Agreement, partners invested the following amount of money in the Partnership: Marie Pardi invested $250,000; Patrick and Tina McGee invested $300,000; Farid and Jennifer Zeinal invested $100,000; Thomas and Carrie Samuels-Pierucci invested $150,000; and Ryan and Sheri Neuman invested $0 after an alleged reimbursement from the other partners for "approximately $265,000." It is alleged that Defendants were reimbursed by the Partnership, if indeed Defendants ever advanced the funds, and that Defendants induced Plaintiffs to enter an illusory partnership because Defendants invested zero dollars. Thus, Defendants were able to fraudulently obtain $800,000 from Plaintiffs which monies were used to purchase 1740 and 1810 as Defendants took title to 1740 and 1810 in Defendants name.

9.  On or about May 17, 2006, Defendants purchased 1740 Guerneville Road ("1740") Santa Rosa, California for the purported price of either $775,000 which is what the Sonoma County records show as the purchase price, or for $900,000 which is what Defendant claims was the purchase price for 1740. Defendants purportedly used Partnership funds for the purchase price down

Case: 09-12585    Doc# 126    Filed: 08/28/10    Entered: 08/28/10 12:51:01    Page 3 of 14

payment on 1740.  1740 contains a single family residence of approximately 1900 square feet with a 2 car garage.

10. On or about May 16, 2006, Defendants purchased 1810 Guerneville Road ("1810") in Santa Rosa, California for the purported price of $900,000, purportedly using Partnership funds for the purchase price down payment. 1810 is purportedly a raw, undeveloped property.

11 According to the Agreement, "Ryan and Sheri Neuman will assign to the Company all rights under the purchase agreement for the Subject Property in exchange for reimbursement to them from Company funds (derived from the capital contributions of other Members) in the amounts of approximately $265,000, representing the $255,000 deposit and approximately $10,000 in out-of-pocket expenditures incurred by them in connection with the purchase agreement….".  It is alleged that Defendant's never made such assignment.

12 On November 7, 2007, Patrick and Tina McGee, trustees of the McGee Family Living Trust assigned their interest in the Partnership to Louis Pierucci.

13  Defendants failed to communicate with Plaintiff Partners on the progress of the development despite Plaintiff's numerous attempts to determine from Defendants the status and progress of the development and as to where or how their $800,000 investment was being spent by the Defendants.

Case: 09-12585    Doc# 126    Filed: 08/28/10    Entered: 08/28/10 12:51:01    Page 4 of 14

14 Two years after the Agreement was executed, Defendants had still not begun development or provided the Plaintiff Partners with an accounting of expenses as to how or where the Partnership money was spent.

15 On or about August, 2008, a full two years after the Agreement was signed, Defendants held a meeting with the Plaintiff Partners to discuss the development.  Shortly thereafter, in an attachment to an e-mail on August 18, 2008, Defendant Ryan Neuman provided Plaintiff Partners with a document titled, "Guerneville Homes Development Expenses"("Expense Sheet")  which Mr. Neuman wrote was "a break out of the project expenses to date".  The Expense Sheet would be the Plaintiff Partners first and only accounting of where and how their investment funds in the Partnership was purportedly spent by the Defendants.

16 The Expense Sheet contained numerous listings with monetary amounts attached to those listings.  Among the listings on the Expense Sheet are Property Taxes totaling approximately $43,550 however the Sonoma County Tax Department's records show Defendants paid no property taxes from 2006 to 2008 for the 1810 property and only approximately $20,000 in property taxes for the 1740 property.   Both 1810 and 1740's property taxes were in default at the time both properties were foreclosed on by the lenders. It is alleged that Defendants did not pay the property taxes as listed on the Expense Sheet.

17 The single family home on 1740 was purportedly rented after Defendant's obtained title to 1740 yet Defendant's never accounted to Plaintiff Partners

Case: 09-12585    Doc# 126    Filed: 08/28/10    Entered: 08/28/10 12:51:01    Page 5 of 14

for the receipt of this rent.  It is alleged that Defendants failed to remit or account to the Partnership for monies received from the rental on 1740.

18 On or about September, 2008, Ryan Neuman requested Plaintiff Partners to invest additional funds.  Concerned about their investment, several of the Plaintiff Partners met to determine what to do in light of Defendants request for additional funds, failure to provide profit and loss statements, and failure to begin development of 1740 or 1810.

19 The Plaintiff Partners discovered in September, 2008 that 1810 and 1740 were titled in Defendants name.  If is alleged that Defendants benefitted to the detriment of Plaintiff Partners by Defendants taking title in their name in order to take tax deductions on their personal income taxes for mortgage payments made with Partnership funds on 1740 and 1810.  Furthermore, Defendants did not account for or pass back to the Partnership Defendants tax savings on their personal income taxes.

20 On or about February, 2007 Defendants refinanced 1740.  It is alleged that Defendants received approximately $78,500 from the refinancing and that Defendants did not remit or account to the Partnership as to where the $78,500 was spent.

21  On or about August 15, 2009 Defendants filed a Chapter 11 bankruptcy noticing Plaintiff Partners of the bankruptcy filing.  Debtors converted the Chapter 11 to a Chapter 7.  Plaintiff Partners stand to lose every cent they've

Case: 09-12585    Doc# 126    Filed: 08/28/10    Entered: 08/28/10 12:51:01    Page 6 of 14

invested in the Partnership if Defendants succeed in discharging the Plaintiff Partners investments in the Partnership.

22 Both 1740 and 1810 properties were foreclosed upon by their respective lenders without any development on either parcel.

**First Cause of Action-Marie Pardi-Obtaining Money by Fraud (11 USC 523 (a)(2)(A))**

21. Marie Pardi realleges the General Allegations as though fully set forth herein.

22. By virtue of the above misrepresentations, omissions, false pretenses, and fraud, Ryan and Sheri Neuman benefitted and obtained money from Marie Pardi, to her damages in the amount of $250,000.

23. Defendant's conduct was fraudulent, oppressive, malicious, and willful, and was despicable conduct in conscious disregard of plaintiff's rights. Plaintiff is entitled to exemplary damages thereby.

**Second Cause of Action-Marie Pardi-Fraud and/or Defalcation and/or Embezzlement While Acting in a Fiduciary Capacity (11 USC 523(a)(4))**

24. Marie Pardi realleges the General Allegations and the allegations in the First Cause of Action as though fully set forth herein.

Case: 09-12585   Doc# 126   Filed: 08/28/10   Entered: 08/28/10 12:51:01   Page 7 of 14

25. The above acts constitute fraud, and/or defalcation, and/or embezzlement by Ryan and Sheri Neuman while acting in a fiduciary capacity as to Marie Pardi.

26. Plaintiff has been damaged in the amount of $250,000 plus interest thereon.

27. The conduct of defendants in breaching their fiduciary duty to Marie Pardi was fraudulent, oppressive, malicious, and willful, and was despicable conduct in conscious disregard of plaintiff's rights. Plaintiff is entitled to exemplary damages thereby.

**Third Cause of Action-Louis Pierucci- Obtaining Money by Fraud (11 USC 523 (a)(2)(A))**

24. Louis Pierucci realleges the General Allegations as though fully set forth herein.

25. By virtue of the above misrepresentations, omissions, false pretenses, and fraud, Ryan and Sheri Neuman benefitted and obtained money from Louis Pierucci, to his damages in the amount of $300,000.

26. Defendant's conduct was fraudulent, oppressive, malicious, and willful, and was despicable conduct in conscious disregard of plaintiff's rights. Plaintiff is entitled to exemplary damages thereby.

Case: 09-12585   Doc# 126   Filed: 08/28/10   Entered: 08/28/10 12:51:01   Page 8 of 14

**Fourth Cause of Action-Louis Pierucci- Fraud and/or Defalcation and/or Embezzlement While Acting in a Fiduciary Capacity (11 USC 523(a)(4))**

27. Louis Pierucci realleges the General Allegations as though fully set forth herein and the allegations of the Third Cause of Action as though fully set forth herein.

28. The above acts constitute fraud, and/or defalcation, and/or embezzlement by Ryan and Sheri Neuman while acting in a fiduciary capacity as to Louis Pierucci.

29. Plaintiff has been damaged in the amount of $300,000 plus interest thereon.

30. The conduct of defendants in breaching their fiduciary duty to Louis Pierucci was fraudulent, oppressive, malicious, and willful, and was despicable conduct in conscious disregard of plaintiff's rights.  Plaintiff is entitled to exemplary damages thereby.

**Fifth Cause of Action-Farid and Jennifer Zeinal- Obtaining Money by Fraud (11 USC 523 (a)(2)(A))**

31. Farid and Jennifer Zeinal reallege the General Allegations as though fully set forth herein.

Case: 09-12585   Doc# 126   Filed: 08/28/10   Entered: 08/28/10 12:51:01   Page 9 of 14

32. By virtue of the above misrepresentations, omissions, false pretenses, and fraud, Ryan and Sheri Neuman benefitted and obtained money from Farid and Jennifer Zeinal, to their damages in the amount of $100,000.

33. Defendant's conduct was fraudulent, oppressive, malicious, and willful, and was despicable conduct in conscious disregard of plaintiff's rights. Plaintiff is entitled to exemplary damages thereby.

**Sixth Cause of Action-Farid and JenniferZeinal- Fraud and/or Defalcation and/or Embezzlement While Acting in a Fiduciary Capacity (11 USC 523(a)(4))**

34. Farid and Jennifer Zeinal reallege the General Allegations as though fully set forth herein and the allegations of the Fifth Cause of Action as though fully set forth herein.

35. The above acts constitute fraud, and/or defalcation, and/or embezzlement by Ryan and Sheri Neuman while acting in a fiduciary capacity as to Farid and Jennifer Zeinal.

36. Plaintiffs have been damaged in the amount of $100,000 plus interest thereon.

37. The conduct of defendants in breaching their fiduciary duty to Farid and Jennifer Zeinal was fraudulent, oppressive, malicious, and willful, and was

Case: 09-12585    Doc# 126    Filed: 08/28/10    Entered: 08/28/10 12:51:01    Page 10 of 14

despicable conduct in conscious disregard of plaintiff's rights. Plaintiff is entitled to exemplary damages thereby.

**Seventh Cause of Action- Thomas and Carrie Samuela-Pierucci - Obtaining Money by Fraud (11 USC 523 (a)(2)(A))**

38. Thomas and Carrie Samuela-Pierucci reallege the General Allegations as though fully set forth herein.

39. By virtue of the above misrepresentations, omissions, false pretenses, and fraud, Ryan and Sheri Neuman benefitted and obtained money from Thomas and Carrie Samuela-Pierucci, to their damages in the amount of $150,000.

40. Defendant's conduct was fraudulent, oppressive, malicious, and willful, and was despicable conduct in conscious disregard of plaintiff's rights. Plaintiff is entitled to exemplary damages thereby.

**Eighth Cause of Action- Thomas and Carrie Samuela-Pierucci - Fraud and/or Defalcation and/or Embezzlement While Acting in a Fiduciary Capacity (11 USC 523(a)(4))**

41. Thomas and Carrie Samuela-Pierucci reallege the General Allegations as though fully set forth herein and the allegations of the Seventh Cause of Action as though fully set forth herein.

42. The above acts constitute fraud, and/or defalcation, and/or embezzlement by Defendants while acting in a fiduciary capacity as to Thomas and Carrie Samuela-Pierucci.

43. Plaintiffs have been damaged in the amount of $150,000 plus interest thereon.

44. Defendant's conduct was fraudulent, oppressive, malicious, and willful, and was despicable conduct in conscious disregard of plaintiff's rights. Plaintiff is entitled to exemplary damages thereby.

**Wherefore**, plaintiffs pray for entry of judgment against defendants Ryan and Sheri Neuman as follows:

### Marie Pardi

1. For a money judgment against defendants in the amount of $250,000 plus interest according to proof.
2. For punitive damages as determined by the court.
3. For plaintiff's reasonable attorney fees.
4. For costs of suit.
5. For the court's declaration that the judgment entered is non-dischargeable under 11 USC Sections 523(a)(2)(A) and 523(a)(4).
6. For such other relief as the court deems proper.

### Louis Pierucci

Case: 09-12585   Doc# 126   Filed: 08/28/10   Entered: 08/28/10 12:51:01   Page 12 of 14

1. For a money judgment against defendants in the amount of $300,000 plus interest according to proof.

2. For punitive damages as determined by the court.

3. For plaintiff's reasonable attorney fees.

4. For costs of suit.

5. For the court's declaration that the judgment entered is non-dischargeable under 11 USC Sections 523(a)(2)(A) and 523(a)(4).

6. For such other relief as the court deems proper.

## Farid and Jennifer Zeinal

1. For a money judgment against defendants in the amount of $100,000 plus interest according to proof.

2. For punitive damages as determined by the court.

3. For plaintiff's reasonable attorney fees.

4. For costs of suit.

5. For the court's declaration that the judgment entered is non-dischargeable under 11 USC Sections 523(a)(2)(A) and 523(a)(4).

6. For such other relief as the court deems proper.

## Thomas and Carrie Samuela-Pierucci

1. For a money judgment against defendants in the amount of $150,000 plus interest according to proof.

2. For punitive damages as determined by the court.

3. For plaintiff's reasonable attorney fees.

Complaint to Determine Dischargeability of Debt

13

4. For costs of suit.

5. For the court's declaration that the judgment entered is non-dischargeable under 11 USC Sections 523(a)(2)(A) and 523(a)(4).

6. For such other relief as the court deems proper.

Dated: August 28, 2010

*Andrew Kerns/s/*

Andrew Kern, Attorney for Plaintiffs

755 Baywood Drive

Petaluma, CA 94954

707-658-4602

Case: 09-12585   Doc# 126   Filed: 08/28/10   Entered: 08/28/10 12:51:01   Page 14 of 14